IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLAUDINE DUNN, | |
| | Civil Action No. 2:20-cv-3642 |
| Plaintiff, | |
| v. | JUDGE |
| OFFICER DAVID BURRIS, in his individual and official capacities, Newark Police Department 49 S. 4th Street Newark, OH 43055, | MAGISTRATE JUDGE |
| and | |
| OFFICER WESLEY JACKSON, in his individual and official capacities, Newark Police Department 49 S. 4th Street Newark, OH 43055, | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | |

## COMPLAINT

**I.      Preliminary Statement**

1.      Plaintiff Claudine Dunn brings this action because Defendants, Officer David Burris and Wesley Jackson, acting in their individual and official capacities on behalf of the Newark Police Department, violated her Fourth and Fourteenth Amendment rights and the common law of the State of Ohio by: (1) falsely arresting her and maliciously prosecuting her without probable cause to do so on charges of failure to disclose personal information and obstructing official business when she was not committing a crime and could not have been reasonably believed to be about to commit a crime and was merely staying in a tent on private property with permission of the landowner; (2) were grossly negligent in performing their duties by consciously disregarding elements of the crimes for which she was arrested in order to

effectuate her arrest and prosecution; and (3) intruding upon her private activities in an outrageous manner when they observed her in an undressed state and entered her tent after she notified them that she was undressed.

## II.  Jurisdiction

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); 1367 (supplemental jurisdiction).

3. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. § 1983; and the common law of the State of Ohio.

4. Compensatory and punitive damages may be awarded under 42 U.S.C. § 1983 and the common law of the State of Ohio.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988; Fed. R. Civ. P. 54; and the common law of the State of Ohio.

6. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in and around Licking County, Ohio.

## III.  Parties

7. Plaintiff Claudine Dunn ("Ms. Dunn") is a citizen of the United States.

8. Defendant Officer David Burris ("Officer Burris") is a "person" under 42 U.S.C. § 1983; was at all times material to this Complaint, employed by the City of Newark in its Police Department; acted under color of State law; and is sued in his individual and official capacities.

9. Defendant Officer Wesley Jackson ("Officer Jackson") is a "person" under 42 U.S.C. § 1983; was at all times material to this Complaint, employed by the City of Newark in its Police Department; acted under color of State law; and is sued in his individual and official capacities.

**IV.    Facts**

10. On July 18, 2019, Ms. Dunn was camping in a tent with a friend, Mr. John Wood ("Mr. Wood"), on private property owned by another friend, Charlie Franks ("Mr. Franks"), located in the City of Newark, where she has a standing invitation to stay on his property.

11. On the same day, Officers Burris and Jackson (collectively, "Defendant Officers") were responding to a noise complaint in the woods near where Ms. Dunn and Mr. Wood were camping.

12. In checking for the source of the noise complained of, Defendant Officers first made contact with the caller, Ms. Carol Miller ("Ms. Miller"), at her private residence on Crocus Court.

13. Per Officer Burris' report, Ms. Miller notified Defendant Officers that "several loud explosions" were disturbing her and indicated it may be "coming from Charlie Franks' property."

14. Ms. Miller explained "they were dropping trees on his property and she doesn't believe it was the log splitter that was making the noise", so Officer Burris told her that they would attempt to make contact with someone on the property.

15. Defendant Officers entered Mr. Franks' property and were stopped by an individual, Mr. Jon Long ("Mr. Long"), who advised Officer Burris that he "heard the explosion and it had came [sic] from the back side of the property."

16. Mr. Long told Officer Burris that "Get R Done tree service had been working on the property but he didn't think they were still working."

17. Officer Burris asked Mr. Long if he could drive around the property to check the area and Mr. Long advised he could do so.

18. In checking the area, Defendant Officers stumbled upon Ms. Dunn's tent, located in a clearing on Mr. Franks' property.

19. Within several feet of Ms. Dunn's tent, there was a sign stating "private property."

20. Upon approaching the tent, Defendant Officers would have encountered the sign.

21. When Defendant Officers approached the tent, Officer Burris announced himself and shouted at Mr. Wood to ask if he heard any explosions.

22. Mr. Wood replied he had heard explosions but believed it was because trees were being dropped earlier on the property.

23. Officer Burris asked for Mr. Wood's name and he replied with an alias "Bill McCoy."

24. Defendant Officers observed two vehicles outside the tent and checked the registrations of those vehicles.

25. One vehicle belonged to Ms. Dunn and the other vehicle belonged to a John Wood, not a Bill McCoy.

26. After checking the registrations, Defendant Officers returned to the tent and found that Mr. Wood had left the vicinity.

27. Defendant Officers approached the tent and asked for Mr. Wood.

28. Ms. Dunn was the only person in the tent and was not wearing any clothes, which was obvious to Defendant Officers as noted in their reports.

29. Ms. Dunn replied that she was the only person in the tent and Officer Burris deployed his K9 dog to search for Mr. Wood.

30. Officer Burris asked Officer Jackson to identify Ms. Dunn.

31. Officer Jackson approached the tent and, from outside the tent, asked her to identify herself.

32. Ms. Dunn replied that she wanted to at least get dressed first and that she would not answer questions until she was fully clothed.

33. Ms. Dunn felt extremely uncomfortable about having to talk to two male officers while she was naked, which is why she wanted to get dressed before answering questions.

34. Ms. Dunn then began to get dressed, which first involved having to remove her robe in order to put on her clothes.

35. Officer Jackson asked Ms. Dunn to exit the tent, but she was still getting dressed.

36. Before Ms. Dunn was fully clothed, Officer Jackson unzipped the door to her tent and entered it to remove her from the tent.

37. Officer Burris instructed Officer Jackson to arrest Ms. Dunn.

38. As Ms. Dunn was still getting dressed, Officer Jackson put handcuffs on her.

39. Officer Burris continued to track Mr. Wood but was unsuccessful; he returned and attempted again to get Ms. Dunn to identify herself, to which she did not.

40. Officer Burris then stated she was being charged with obstructing official business and failure to disclose personal information.

41. Ms. Dunn was booked into jail around 5:00pm, where she spent the night.

42. Ms. Dunn was released the next day on a recognizance bond around 4:00pm.

43. On September 26, 2019, Ms. Dunn was found not guilty of obstructing official business, R.C. 2921.31, by a bench trial, but found guilty of failure to disclose personal information, R.C. 2921.29(A)(1), for which she was ordered to pay a $75.00 fine plus court costs.

44. At the trial, Officer Burris testified that Defendant Officers required Ms. Dunn's name and information "for reporting the incident on the NIBRS report" and at that time did not know if she would be arrested.

45. Officer Burris further testified that Ms. Dunn hampered the investigation of Mr. Wood by not disclosing her information and by taking her clothes off to delay their attempt to locate Mr. Wood.

46. Ms. Dunn timely appealed the judgment and had her conviction reversed and vacated on March 31, 2020 by the Fifth District Court of Appeals.

47. The elements of obstructing official business under R.C. 2921.31 are as follows:

> (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
>
> (B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.

48. Defendant Officers knew that Ms. Dunn was not hampering or impeding their lawful duties by not disclosing her personal information.

49. The elements of failure to disclose personal information under R.C. 2921.29(A)(1) are as follows:

> (A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:
>
> (1) The person is committing, has committed, or is about to commit a criminal offense.

50. Defendant Officers knew that Ms. Dunn was not in a "public place" within the meaning of the statute, as they entered Mr. Franks' property having been told it was his property by Ms. Miller and Mr. Long, as well as seeing the signs marked "private property."

51. Further, Defendant Officers indicated they only wanted Ms. Dunn's information to include on a report and thus did not suspect her of committing, having committed, or being about to commit a crime.

52. No probable cause existed for any of the charges brought against Ms. Dunn.

53. As a direct and proximate result of Ms. Dunn's unlawful arrest and prosecution, as well as the grossly negligent conduct of Defendant Officers and the invasion of her privacy, she has suffered emotional distress, damage to her reputation, and severe anxiety.

### V. Claims for Relief

#### A. First Count: Violation of Fourth and Fourteenth Amendment Rights

54. Paragraphs 1 through 53 above are realleged and incorporated herein.

55. By securing her prosecution without probable cause by consciously disregarding the elements of her charges, which prosecution ultimately terminated in her favor after the prosecution deprived her of liberty, Defendants have committed malicious prosecution in violation of the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment incorporated therein.

#### B. Second Count: Malicious Prosecution

56. Paragraphs 1 through 53 above are realleged and incorporated herein.

57. By securing her prosecution without probable cause by consciously disregarding the elements of her charges, which prosecution ultimately terminated in her favor, Defendants have committed malicious prosecution in violation of the common law of the State of Ohio.

  **C.**  **Third Count: False Arrest**

58. Paragraphs 1 through 53 above are realleged and incorporated herein.

59. By arresting Plaintiff without probable cause to do so, Defendants have committed false arrest in violation of the common law of the State of Ohio.

  **D.**  **Fourth Count: Gross Negligence**

60. Paragraphs 1 through 53 above are realleged and incorporated herein.

61. By their willful, wanton, and reckless acts or omissions, including ignoring the elements of crimes in order to unlawfully arrest and detain Plaintiff, Defendants committed gross negligence.

  **D.**  **Fifth Count: Invasion of Privacy**

62. Paragraphs 1 through 53 above are realleged and incorporated herein.

63. By Defendant Officers' conduct in observing Plaintiff in an undressed state and entering her tent while she was attempting to get dressed, Defendants wrongfully intruded into her private activities in a manner that would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

**VI.** **Prayer for Relief**

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally,

  a. declaring that they have violated her civil rights and committed torts against her;

  b. ordering such equitable relief as will make her whole for Defendants unlawful conduct; pre- and post-judgment interest; costs; and reasonable attorneys' fees;

  c. awarding compensatory and punitive damages in excess of $25,000; and

  d. granting such other relief as the Court may deem appropriate.

Respectfully submitted,

By: */s/ Madeline J. Rettig*
Madeline J. Rettig (0098816)
(*mrettig@marshallforman.com*)
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
Edward R. Forman (0076651)
(*eforman@marshallforman.com*)
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
Helen M. Robinson (0097070)
(hrobinson@marshallforman.com)
MARSHALL & FORMAN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

*Attorneys for Plaintiff*

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## JURY DEMAND

Plaintiff hereby demands a jury on all issues and defenses triable to a jury.

By: */s/ Madeline J. Rettig*
Madeline J. Rettig